CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 01 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| ZACHARY BARTH HAMLETT, <br> Petitioner, | Civil Action No. 7:07-cv-00065 |
| v. | MEMORANDUM OPINION |
| DANIEL BRAXTON, <br> Respondent. | By: Hon. Glen E. Conrad <br> United States District Court Judge |

Zachary Barth Hamlett, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Hamlett challenges the validity of his convictions in the Circuit Court of Campbell County. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

During the course of a trial in the Circuit Court of Campbell County on April 24, 2002, Hamlett pleaded guilty to possession of cocaine with the intent to distribute, possession of marijuana with the intent to distribute, and possession of a firearm while in possession of cocaine. On June 3, 2002, also in the Circuit Court of Campbell County, Hamlett stood trial on eleven counts of possession of cocaine with the intent to distribute and two counts of possession of a firearm while in possession of cocaine. Before the case was submitted to the jury, the Court dismissed nine counts of possession of cocaine with the intent to distribute and Hamlett pleaded guilty to the remaining two counts. He maintained his plea of not guilty as to the two counts of possession of a firearm while in possession of cocaine, but the jury returned a guilty verdict against Hamlett. On June 28, 2002, Hamlett was sentenced on all seven convictions to a total term of imprisonment of 35 years, with 15 years suspended.

On July 25, 2002, Hamlett appealed the two convictions of possession of a firearm while in possession of cocaine from June 3, 2002, arguing four grounds.[1] Finding no reversible error, the Court of Appeals of Virginia affirmed the two convictions on June 24, 2003. Hamlett did not initially appeal this decision to the Supreme Court of Virginia, but instead subsequently filed a petition for writ of habeas corpus in the Circuit Court of Campbell County raising several claims of ineffective assistance of counsel – among them, a claim that counsel was ineffective in failing to timely file a direct appeal in the Supreme Court of Virginia.

On August 31, 2004, the Circuit Court found that Hamlett had been denied his right to pursue a direct appeal of his criminal convictions and ordered the Commonwealth to move the Supreme Court of Virginia for leave for Hamlett to pursue a delayed direct appeal raising two issues.[2] The Supreme Court of Virginia granted the Commonwealth's motion and, on October 8, 2004, Hamlett filed a direct appeal, which was denied on March 25, 2005.

On March 1, 2006, Hamlett filed a second petition for writ of habeas corpus in the Circuit Court of Campbell County, in which he seems to raise the following eight claims:[3]

    (a)    Trial counsel was ineffective in failing to raise a double jeopardy defense at Hamlett's June 3, 2002, trial after Hamlett had pleaded guilty to the same offense at an earlier trial;

---

[1] First, Hamlett argued that the evidence was insufficient to support the convictions; second, Hamlett alleged that the trial court erred in "allowing convictions of separate firearms charges for the same drugs on the same days"; third, Hamlett argued that the trial court erred in not allowing the sentences to run concurrently; finally, Hamlett contended that the trial court erred in not seating a new jury when the remarks of one juror in voir dire allegedly tainted the entire jury pool.

[2] Hamlett brought two grounds, identical in substance to the first and second questions raised in the Court of Appeals on direct appeal.

[3] Hamlett did not separate his argument into distinct coherent claims. Upon review of the petition and the pleadings, the court adopts respondent's identification, numeration, and summarization of Hamlett's various arguments.

2

(b) Trial counsel was ineffective in failing to conduct meaningful pre-trial discovery and thus failed to learn that certain damaging evidence could be the appropriate subject of a suppression hearing;

(c) The prosecution of Hamlett on June 3, 2002, was barred by principles of collateral estoppel and double jeopardy;

(d) Trial counsel was ineffective in allowing the Commonwealth to use the very same evidence in both the April 24, 2002, and June 3, 2002 trials;

(e) The Commonwealth used the totality of its evidence in the first trial and thus had no evidence to present in any future proceedings against Hamlett;

(f) Trial counsel was ineffective in failing to raise Fourth Amendment challenges to the evidence presented at trial on June 3, 2002;

(g) Trial counsel was ineffective in failing to file a timely discovery motion and did not consult with Hamlett prior to advising him to plead guilty in his June 3, 2002 trial; and

(h) Appellate counsel was ineffective in failing to provide the Court of Appeals of Virginia certain documents necessary to review Hamlett's convictions.

As to claims (a), (b), (d), (f), (g), and (h), the Court held that, to the extent that the claims repeated allegations contained in Hamlett's first habeas petition, the claims were not cognizable under the rule in Henry v. Warden, 576 S.E.2d 495 (Va. 2003), and Hawks v. Cox, 175 S.E.2d 271 (Va. 1970), and that, to the extend that the claims raised matters not advanced in Hamlett's first habeas petition, the claims were dismissed as an abuse of the writ under Virginia Code § 8.01-652(B)(2).[4] As to claims (c) and (e), the Court held that, to the extent that the claims repeated allegations contained in Hamlett's prior habeas petition, the claims were not cognizable under the rule in Henry and Hawks, and that, insofar as the claims raise matters not advanced on direct appeal,

---

[4] Virginia Code § 8.01-652(B)(2) states, in pertinent part,
Such [habeas] petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

3

the claims are procedurally defaulted under the appellate default rule in Slayton v. Parrigan, 205 S.E.2d 680 (1974). Accordingly, the Court dismissed the petition on May 19, 2006. Hamlett appealed this decision and, on December 21, 2006, the Supreme Court of Virginia refused the petition for appeal.

Hamlett timely filed the instant motion on January 18, 2007, alleging a substantially identical argument to that raised in his second state habeas petition. Respondent moved to dismiss the petition on March 19, 2007, arguing that all of Hamlett's claims have been procedurally defaulted. Hamlett responded on April 27, 2007 and the petition is now ripe for review. The court will include additional facts in its discussion as necessary.

## ANALYSIS

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). As Hamlett raised claims identical to those contained in the instant petition in the Supreme Court of Virginia, Hamlett's claims are properly exhausted.

Where the state court has expressly dismissed claims based on an adequate and independent state ground, such as procedural default, that finding is not subject to review in a federal habeas petition. See Fisher v Angelone, 163 F.3d 835, 844 (4th Cir. 1998). In adjudicating claims (a) through (h) in Hamlett's second state habeas petition, the Circuit Court of Campbell County examined Hamlett's petition alongside the entire record of Hamlett's first state habeas corpus proceeding. The Court found that Hamlett had either brought all eight claims in his first petition, or, alternatively, if the claims were read to contain any new allegations, that Hamlett should have raised them at the time he brought his first state habeas petition, or on direct appeal. Holding that

4

Hamlett's claims ran afoul of either Virginia Code § 8.01-652(B)(2), the rule in Hawks and Henry, or the rule in Slayton, the Court expressly dismissed Hamlett's claims on the adequate and independent state ground that they were procedurally defaulted.

As the state court's dismissal was based upon an independent and adequate state procedural rule, the court finds that federal habeas review of Hamlett's claims is barred unless he can show that there is cause for, and actual prejudice from, the default, or actual innocence such that the failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); see also Teague v. Lane, 489 U.S. 288 (1989); Fisher, 163 F.3d at 844-45. Hamlett's pleadings do not include any contentions of actual cause for his defaults; he instead attacks the state procedural rules that gave rise to the default as "dependent" and "inadequate," and argues that his claims have been misrepresented all along by respondent and the courts as "a deliberate tatic [sic] used all along to frustrate [his] constitutional claims." As much as Hamlett makes of the distinctions between his claims and respondent's recapitulation of his claims, in reality the distinctions are immaterial.[5] As Hamlett fails to allege any cause, the court finds that he has not established cause for his procedural default nor has he established actual prejudice resulting from that default.

In order to demonstrate actual innocence, Hamlett must show that, if new reliable evidence were introduced, it is more likely than not that no reasonable juror would convict him. Schlup v. Delo, 513 U.S. 298, 324-37 (1995); see also Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999). Hamlett does not assert in his petition that he is actually innocent, nor does he present any new

---

[5] Hamlett, for example, claims that he has never raised a claim of ineffective assistance of trial counsel because he never used the exact phrase "trial counsel."

5

evidence that would tend to suggest his innocence. The court concludes that Hamlett fails to demonstrate "actual innocence" so as to excuse his procedural defaults. Accordingly, the court finds Hamlett's claims to be barred and, therefore, the petition must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 1st day of August, 2007.

/s/ Jack Conrad
United States District Judge